IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ROSALIE MELOCCHI,

Plaintiff,

v.

PENNSYLVANIA CVS PHARMACY, LLC; CVS HEALTH; CVS PHARMACY, INC.; and, ALLEGION ACCESS TECHNOLOGIES LLC f/k/a STANLEY ACCESS TECHNOLOGIES LLC,

Defendants.

**JURY TRIAL DEMANDED**

CIVIL DIVISION

No. GD-24-003384

**COMPLAINT**

Filed on Behalf of Plaintiff,
*Rosalie Melocchi*

Counsel of Record for This Party:

**Mark A. Martini, Esquire**
PA I.D. #91001

ROBB LEONARD MULVIHILL LLP
Firm #249
BNY Mellon Center
500 Grant Street, Suite 2300
Pittsburgh, PA 15219

T: (412) 281-5431
F: (412) 281-3711
E: mmartini@rlmlawfirm.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ROSALIE MELOCCHI,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA CVS PHARMACY, LLC; CVS HEALTH; CVS PHARMACY, INC.; and, ALLEGION ACCESS TECHNOLOGIES LLC f/k/a STANLEY ACCESS TECHNOLOGIES LLC,<br><br>Defendants. | CIVIL DIVISION<br><br>No. GD-24-003384<br><br>**JURY TRIAL DEMANDED** |

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
400 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555
https://www.getapittsburghlawyer.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ROSALIE MELOCCHI,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA CVS PHARMACY, LLC; CVS HEALTH; CVS PHARMACY, INC.; and, ALLEGION ACCESS TECHNOLOGIES LLC f/k/a STANLEY ACCESS TECHNOLOGIES LLC,<br><br>Defendants. | CIVIL DIVISION<br><br>No. GD-24-003384<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

AND NOW, comes the Plaintiff, Rosalie Melocchi, by and through her undersigned attorneys, ROBB LEONARD MULVIHILL LLP and Mark A. Martini, Esquire, and files the within Complaint:

1. The Plaintiff, Rosalie Melocchi, is an adult individual who currently resides at LGAR Health and Rehabilitation Center, 800 Elsie Street, Turtle Creek, PA 15145. Prior to the incident herein complained of, Plaintiff resided at 13 Corey Avenue, Rankin, PA 15104.

2. The Defendant, Pennsylvania CVS Pharmacy, LLC, is a Pennsylvania limited liability company with a service address of 600 North 2nd Street, Suite 401, Harrisburg, PA 17101. Upon information and belief, at all times material and relevant, Defendant Pennsylvania CVS Pharmacy, LLC, was the possessor of the land, right-of-way, easement, or other interest in land, including the automatic sliding doors, at 7406 Church Street, Swissvale, PA 15218.

3. The Defendant, CVS Health, is a Rhode Island corporation with its headquarters located at 1 CVS Drive, Woonsocket, RI 02895. Upon information and belief, at all times material and relevant, Defendant CVS Health was the possessor of the land, right-of-way, easement, or

other interest in land, including the automatic sliding doors, at 7406 Church Street, Swissvale, PA 15218.

4. The Defendant, CVS Pharmacy, Inc., is a Rhode Island corporation with its headquarters at 1 CVS Drive, Woonsocket, RI 02895. Upon information and belief, at all times material and relevant, Defendant CVS Pharmacy, Inc., was the possessor of the land, right-of-way, easement, or other interest in land, including the automatic sliding doors, at 7406 Church Street, Swissvale, PA 15218.

5. The Defendant, Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, is a company which maintains a business address at 65 Scott Swamp Road, Farmington, CT 06032. Upon information and belief, at all times material and relevant, Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC was responsible for the safety, maintenance, and upkeep of the property, including the automatic sliding doors, at 7406 Church Street, Swissvale, PA 15218.

6. The incident herein complained of occurred on or about July 23, 2022, on the property located at 7406 Church Street, Swissvale, PA 15218.

7. On or about that date, Plaintiff was injured after being violently struck by the automatic sliding doors located on the property, causing her to fall and sustain injuries and damages as set forth herein.

8. Defendants, either individually or in conjunction with each other, were, at all times material and relevant, responsible for the safety, maintenance, and upkeep of the property, and were responsible for making the property, including the automatic sliding doors, safe for all business invitees and/or licensees, including Plaintiff.

9. On or about July 23, 2022, Plaintiff was shopping in and around the property located at 7406 Church Street, Swissvale, PA 15218.

10. As she was leaving to return home, Plaintiff noticed that it was about to rain, and so entered the property located at 7406 Church Street, Swissvale, PA 15218, to continue shopping while she waited for the storm to pass.

11. After the storm had passed, Plaintiff attempted to exit the property, but as she did so, without warning the automatic sliding doors abruptly closed, striking Plaintiff in the shoulder, knocking her to the ground, and causing her to sustain injuries and damages as set forth herein.

12. There were no caution signs or warning signs in the area, and Defendants provided no warning to Plaintiff of the dangerous condition of the automatic sliding doors and the property.

13. Plaintiff was otherwise not given any notice of the dangerous conditions of the sliding doors then and there existing.

14. Plaintiff had no prior knowledge, warning, or notice of the presence of the dangerous condition of the automatic sliding doors and the property.

15. Upon information and belief, Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC was responsible for the inspection, maintenance, and upkeep of the automatic sliding doors that caused Plaintiff's injuries and damages.

16. At all times material and relevant, the automatic sliding doors, land, right-of-way, easement, and/or other interest in land, at the location of Plaintiff's fall, was under the exclusive possession, custody, and control of Defendants Pennsylvania CVS Pharmacy, LLC, CVS Health, and/or CVS Pharmacy, Inc. (hereinafter, "CVS"), and its agents, servants, and/or employees, who were engaged in the performance of their duties and within the scope of their employment.

17. CVS had a duty to keep and maintain the automatic sliding doors, land, right-of-way, easement, and/or other interest in land in a reasonably safe condition for business invitees and/or licensees, including Plaintiff.

18. CVS failed to keep and maintain the automatic sliding doors and/or land in a reasonably safe condition.

19. At all times material and relevant, all of the Defendants knew or should have known of the dangerous condition described herein, and had actual and/or constructive notice of such condition.

20. All of the Defendants failed to hire, contract, or otherwise retain competent individuals and/or independent contractors to keep the automatic sliding doors and/or land in a reasonably safe condition.

21. The incident herein complained of was the direct and proximate result of the conduct of Defendants either individually or in concert with each other.

22. At all times material and relevant, Plaintiff conducted herself in a reasonably prudent and cautious manner, and in no way caused or contributed to the happening of the incident.

**<u>COUNT I - NEGLIGENCE</u>**

**Rosalie Melocchi v. Pennsylvania CVS Pharmacy, LLC, CVS Health, and/or CVS Pharmacy, Inc.**

23. Plaintiff hereby incorporates Paragraphs 1–22 above by reference as if fully set forth herein.

24. Plaintiff's injuries and damages, set forth herein, were caused by or were the direct and proximate result of the negligence of CVS generally and in the following particulars:

a. In allowing a dangerous condition of its real estate, land, right-of-way, easement, etc., to exist in an area where it knew or should have known that business invitees and/or licensees such as Plaintiff were likely to walk;

b. In causing and/or permitting a dangerous, hazardous condition to exist at the incident site;

c. In causing and/or permitting the automatic sliding doors to operate in such a manner as to create the substantial likelihood of injury to business invitees and/or licensees such as Plaintiff;

d. In failing to keep the property, including the automatic sliding doors, in a safe condition for business invitees and/or licensees such as Plaintiff;

e. In failing to maintain, repair, or replace the automatic sliding doors, or to otherwise make safe the automatic sliding doors and property;

f. In failing to properly cordon off, barricade, or otherwise prevent business invitees and/or licensees such as Plaintiff, from walking through the dangerous, hazardous condition of the automatic sliding doors;

g. In failing to comply with the laws, regulations, and ordinances requiring a timely and effective maintenance of the building and automatic sliding doors to assure that the automatic sliding doors would not abruptly close on business invitees and/or licensees such as Plaintiff;

h. In failing to conduct itself within the standard of care for a reasonable commercial property owner in the community;

i. In failing to warn of the dangerous, hazardous condition;

j. In failing to warn Plaintiff of the dangerous, hazardous condition so that it could be avoided;

k. In improperly inspecting or failing to inspect the property and automatic sliding doors to discover the dangerous condition and make it safe;

l. In failing to properly and timely maintain, repair, or replace the automatic sliding doors to make the property safe for business invitees and/or licensees such as Plaintiff;

m. In failing to hire, employ, retain, direct, supervise, and/or oversee competent personnel and/or independent contractors qualified to properly and timely maintain, repair, or replace the automatic sliding doors to make the property safe for business invitees and/or licensees such as Plaintiff;

n. In failing to notify its agents, servants, employees, and/or independent contractors of the need to properly and timely maintain, repair, or replace the automatic sliding doors to make the property safe for business invitees and/or licensees such as Plaintiff; and

o. In failing to remedy the dangerous condition in a timely manner.

25. As a direct and proximate result of the negligence of CVS, as stated above, Plaintiff suffered serious and permanent injuries, including but not limited to the following:

a. Left hip fracture with surgical intervention;

b. Abrasions, bruising, swelling, and edema;

c. Bilateral heel tenderness;

d. Erythema;

e. Cellulitis of the left leg and ankle;

f. Insomnia; and

g. Depression and anxiety.

26. As a further direct and proximate result of the negligence of Defendant, as stated above, Plaintiff was caused to suffer, and will continue to suffer, great pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, and loss of life's pleasures, all of which may be permanent.

27. As a further direct and proximate result of the negligence of CVS as stated above, Plaintiff was caused to undergo extensive and painful medical treatment, hospitalization, and other procedures and, as a result, has incurred and will continue to incur medical expenses.

28. As a further direct and proximate result of the negligence of CVS, as stated above, Plaintiff now requires the use of medical assistive devices to ambulate, which cannot safely be used in her home located at 13 Corey Avenue, Rankin, PA 15104, requiring Plaintiff to abandon her home and remain at LGAR Health and Rehabilitation Center, a skilled nursing facility, for the remainder of her life.

WHEREFORE, Plaintiff, Rosalie Melocchi, demands judgment in her favor and against Defendant CVS Health, in an amount in excess of the arbitration limits of Allegheny County, together with court costs, interest, and all other relief deemed appropriate by this Honorable Court.

**COUNT II - NEGLIGENCE**

**Rosalie Melocchi v. Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC**

29. Plaintiff hereby incorporates Paragraphs 1–28 above by reference as if fully set forth herein.

30. Plaintiff's injuries and damages, set forth herein, were caused by or were the direct and proximate result of the negligence of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC generally and in the following particulars:

a. In failing to properly inspect, maintain, repair, and/or replace the automatic sliding doors;

b. In certifying and/or otherwise allowing the automatic sliding doors to operate on the property when it knew, or should have known, that the automatic sliding doors were unsafe;

c. In failing to assure that the automatic sliding doors would not abruptly close on individuals walking through them, such as Plaintiff;

d. In causing and/or permitting the automatic sliding doors to close abruptly on individuals walking through them, such as Plaintiff;

e. In failing to maintain, repair, or replace the automatic sliding doors or to otherwise make safe the automatic sliding doors;

f. In failing to properly cordon off, barricade, or otherwise prevent individuals, such as Plaintiff, from walking through the dangerous, hazardous condition of the automatic sliding doors;

g. In failing to comply with the laws, regulations, and ordinances requiring a timely and effective maintenance of the building and automatic sliding doors to assure that the automatic sliding doors would not abruptly close on business invitees and/or licensees such as Plaintiff;

h. In failing to conduct itself within the standard of care for a reasonable commercial entity in the community;

i. In failing to warn of the dangerous, hazardous condition;

j. In failing to warn Plaintiff of the dangerous, hazardous condition so that it could be avoided;

k. In improperly inspecting or failing to inspect the property and automatic sliding doors to discover the dangerous condition and make it safe;

l. In failing to properly and timely maintain, repair, or replace the automatic sliding doors to make the property safe for business invitees and/or licensees such as Plaintiff;

m. In failing to hire, employ, retain, direct, supervise, and/or oversee competent personnel and/or independent contractors qualified to properly and timely maintain, repair, or replace the automatic sliding doors to make the property safe for business invitees and/or licensees such as Plaintiff;

n. In failing to notify its agents, servants, employees, and/or independent contractors of the need to properly and timely maintain, repair, or replace the automatic sliding doors to make the property safe for business invitees and/or licensees such as Plaintiff;

o. In failing to remedy the dangerous condition in a timely manner;

p. In ignoring, disregarding, and/or failing to timely respond to the complaints of other persons concerning the condition of the automatic sliding doors and the request(s) to repair and/or replace the automatic sliding doors prior to Plaintiff's injury;

q. In failing to notify the possessor of the property of the need to properly and timely maintain, repair, and/or replace the automatic sliding doors to make the property safe for business invitees and/or licensees such as Plaintiff; and

r. In designing, manufacturing, distributing and/or or otherwise using a defective product.

31. As a direct and proximate result of the negligence of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, as stated above, Plaintiff suffered serious and permanent injuries, including but not limited to the following:

a. Left hip fracture with surgical intervention;

b. Abrasions, bruising, swelling, and edema;

c. Bilateral heel tenderness;

d. Erythema;

e. Cellulitis of the left leg and ankle;

f. Insomnia; and

g. Depression and anxiety.

32. As a further direct and proximate result of the negligence of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, as stated above, Plaintiff was caused to suffer, and will continue to suffer, great pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, and loss of life's pleasures, all of which may be permanent.

33. As a further direct and proximate result of the negligence of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, as stated above, Plaintiff was caused to undergo extensive and painful medical treatment, hospitalization, and other procedures and, as a result, has incurred and will continue to incur medical expenses.

34. As a further direct and proximate result of the negligence of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, as stated above, Plaintiff now requires the use of medical assistive devices to ambulate, which cannot safely be used in her home located at 13 Corey Avenue, Rankin, PA 15104, requiring Plaintiff to abandon her home and remain at LGAR Health and Rehabilitation Center, a skilled nursing facility, for the remainder of her life.

WHEREFORE, Plaintiff, Rosalie Melocchi, demands judgment in her favor and against Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, in an amount in excess of the arbitration limits of Allegheny County, together with court costs, interest, and all other relief deemed appropriate by this Honorable Court.

**COUNT III – STRICT PRODUCT LIABILITY**

**Rosalie Melocchi v. Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC**

35. Plaintiff hereby incorporates Paragraphs 1–34 above by reference as if fully set forth herein.

36. At all times material and relevant, Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC was engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing, and/or selling automatic sliding doors.

37. At all times material and relevant, Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC designed, manufactured, labeled, marketed, distributed, and/or sold into the stream of commerce the subject automatic sliding doors.

38. The subject automatic sliding doors were defective and unreasonably dangerous to the ultimate users, operators, and/or consumers, including Plaintiff, from both a consumer expectation and a risk-utility perspective, when it was designed, manufactured, tested, labeled, marketed, distributed, and/or sold by Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC for reasons including, but not limited to the following:

a. The subject automatic sliding doors and their component parts were defective and unreasonably dangerous because the automatic sliding doors' design allowed the subject automatic sliding doors to abruptly close without warning;

b. The subject automatic sliding doors and their component parts were defective and unreasonably dangerous because the automatic sliding doors' design allowed the subject automatic sliding doors to close at a speed which exposed users, operators, and/or consumers, including Plaintiff, to an unreasonable risk of being violently struck and knocked to the ground while in the process of walking through them;

c. The subject automatic sliding doors and their component parts were defective and unreasonably dangerous because of the inadequacy or absence of warning stickers, placards, or any proper documentation or

notice to alert users, operators, and/or consumers, including Plaintiff, of the risk of the doors abruptly closing without warning at speeds sufficient to violently strike such users, operators, and/or consumers, including Plaintiff, and knock them to the ground;

d. The subject automatic sliding doors and their component parts were defective and unreasonably dangerous because they were prone to malfunction, and exhibited a propensity to abruptly close at speeds sufficient to violently strike users, operators, and/or consumers, including Plaintiff, and knock them to the ground; and

e. The subject automatic sliding doors and their component parts were defective and unreasonably dangerous in their design, manufacture, assembly and/or warnings because the subject automatic sliding doors failed to operate in a safe manner while being used as advertised and marketed.

39. The aforementioned defects existed when Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC placed the subject automatic sliding doors into the stream of commerce.

40. On the day of the subject incident described herein, the subject automatic sliding doors and all of their relevant component parts were substantially unchanged from their condition, when they were originally distributed and/or sold by Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC.

41. Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC designed, manufactured, tested, and labeled the subject automatic sliding doors defectively, causing them to fail to perform as safely as an ordinary user, operator, and/or consumer, including Plaintiff, would expect when used in an intended and reasonably foreseeable manner, i.e., walking through them.

42. The risks inherent in the design of the subject automatic sliding doors significantly outweighed the benefits of such design, and reasonably safe, alternative designs were available and feasible.

43. For the reasons set forth above, the subject automatic sliding doors were unreasonably dangerous to foreseeable users, operators, and/or consumers, including Plaintiff.

44. As a direct and proximate result of the defects described above, Plaintiff sustained the injuries and damages set forth herein.

45. The actions of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, as set forth above, constitute reckless, willful, and wanton misconduct in disregard of the rights and safety of Plaintiff and foreseeable users of the subject automatic sliding doors, and reveal a conscious indifference to the clear risk of harm, and thus merit the imposition of compensatory damages.

WHEREFORE, Plaintiff, Rosalie Melocchi, demands judgment in her favor and against Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, in an amount in excess of the arbitration limits of Allegheny County, together with court costs, interest, and all other relief deemed appropriate by this Honorable Court.

## COUNT IV – BREACH OF WARRANTY

**Rosalie Melocchi v. Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC**

46. Plaintiff hereby incorporates Paragraphs 1–45 above by reference as if fully set forth herein.

47. At the time of the subject incident described herein, Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC impliedly warranted to members of the general public, including Plaintiff, that the subject automatic sliding doors were of merchantable quality and were fit for their particular purpose.

48. Members of the consuming public, including Plaintiff, were intended third-party beneficiaries of the implied warranties of merchantability and fitness for a particular purpose.

49. Plaintiff relied on the skill and judgment of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC in the design, manufacture, testing, labeling, marketing, distributing, and sale of the subject automatic sliding doors as safe and reliable for their intended use.

50. The subject automatic sliding doors were not of merchantable quality or fit for their particular purpose as warranted by Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, in that they were defectively designed, manufactured, tested, labeled, marketed, distributed and/or sold, thereby dangerously exposing users, operators, and/or consumers, including Plaintiff, to serious injury.

51. Specifically, Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC impliedly warranted:

a. The subject automatic sliding doors were of merchantable quality;

b. The subject automatic sliding doors were fit for a particular purpose, i.e., fit for users, operators, and/or consumers, including Plaintiff, to walk through them;

c. The subject automatic sliding doors were safe to walk through; and

d. The subject automatic sliding doors were adequately labeled.

52. Those representations were false, and Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC breached said warranties.

53. After Plaintiff received the injuries complained of herein, notice was given by Plaintiff to Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC by filing this lawsuit in the time, manner, and form prescribed by law, of the breach of the applicable warranties, express and implied.

54. As a legal and proximate result of these false representations and breach of said warranties, Plaintiff sustained the injuries and damages set forth herein.

55. The actions of Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, as set forth above, constitute reckless, willful, and wanton misconduct in disregard of the rights and safety of Plaintiff and foreseeable users of the subject automatic sliding doors, and reveal a conscious indifference to the clear risk of harm, and thus merit the imposition of compensatory damages.

WHEREFORE, Plaintiff, Rosalie Melocchi, demands judgment in her favor and against Defendant Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC, in an amount in excess of the arbitration limits of Allegheny County, together with court costs, interest, and all other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

*/s/ Mark A. Martini*
Mark A. Martini, Esquire
*Attorney for Plaintiff, Rosalie Melocchi*

**VERIFICATION**

I, ROSALIE MELOCCHI verify that the statements made herein in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities. To the extent that the content of the Complaint is permitted by Pennsylvania Rules of Civil Procedure, I have relied upon counsel in verifying the same.

Date: 7-5-24

Rosalie Melocchi

Rosalie Melocchi
Printed Name

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **COMPLAINT** has been served via electronic mail and/or United States First Class Mail, postage prepaid, 8th day of July, 2024, upon the following:

Bradley D. Remick, Esquire
Marshall Dennehey, P.C.
2000 Market Street
Philadelphia, PA 19103
*Counsel for Allegion Access Technologies LLC f/k/a Stanley Access Technologies LLC*

Robert J. Behling, Esquire
Burns White LLC
48 26th Street
Pittsburgh, PA 15222
*Counsel for Pennsylvania CVS Pharmacy, LLC, CVS Health, and CVS Pharmacy, Inc.*

*/s/ Mark A. Martini*
Mark A. Martini, Esquire